[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 50, whose birth name is Hershatter, and the defendant husband, 49, married on August 3, 1991 in Stamford, Connecticut. No child has been born to the plaintiff since the marriage. They both have lived continuously in Connecticut for over one year prior to the filing of the complaint seeking a dissolution and other relief. The marriage has broken down irretrievably. Neither party has received any state aid. The final separation occurred about September of last year. The defendant formed a relationship with another woman in November, 1998 with whom he now lives. The defendant's conduct is found to be the primary cause of the marriage breakdown. The plaintiff, a PhD. is a tenured school counselor employed by the Greenwich Board of Education since the 1973-1974 school year. She has a vested pension that would pay $3,267.58 monthly at age sixty, utilizing June 30, 1999 credits, (Defendant's Exhibit #2). She will be eligible to retire at age 55.
The defendant is employed by Meta Group as a Senior Sales Director. He began his current employment on February 1, 1996 at a salary of $45,000. He currently lists a net weekly income of $2,045. He was granted stock options in 1996, 1997 and 1998 totaling 4,850, none of which has been exercised as of the trial date of January 4, 2000. He values all his assets at $132,287 and total liabilities as $10,000. He spent two years in college.
The parties are joint owners of 1478 Hope Street, Stamford, Connecticut which the parties have stipulated has a fair market value of $310,000, encumbered by a mortgage balance of $190,000. CT Page 4237
When married, the plaintiff had debts between $25,000 and $30,000 which the defendant helped liquidate. The plaintiff was a widow whose former name is Friedler.
Both parties are in good health. The defendant is found to have the greater earning capacity and the greater ability to acquire estate in the future. The plaintiff seeks periodic alimony for four years. Her career was unaffected by this marriage. The reason for rehabilitative alimony is discussed in Ippolito v.Ippolito, 28 Conn. 745. The plaintiff's recourse is found in the division of assets to be ordered as part of the decree.
Having reviewed the evidence in light of the applicable statutes and relevant case law the following decree is entered,
 1. Judgment is rendered dissolving the marriage on the ground of irretrievable breakdown. Each party is declared unmarried. The plaintiff may resume either her former name or her birth name, if she wishes to do so.
 2. The defendant's interest in the marital home is awarded to the plaintiff who shall then assume the mortgage obligation. The defendant shall tender a properly prepared and executed quit claim deed within 30 days. If not done, the defendant's interest shall be conveyed by statute made and provided.
 3. The plaintiff shall retain sole ownership of the contents of the home except for the personal property items assigned to the defendant by the plaintiff's claims for relief, paragraph 2.
4. The plaintiff is awarded 50% of the Meta Group stock.
 5. The defendant shall be solely responsible for all the credit card debt in his name.
 6. The plaintiff shall be solely responsible for the MBNA Visa card she lists on her financial affidavit.
 7. Each party shall continue to own and posses all other assets as the same are currently owned or possessed except as assigned supra.
 8. The plaintiff is awarded an allowance to prosecute of $7,500 payable on or before June 4, 2000.
CT Page 4238
9. No periodic alimony is awarded.
Counsel for the plaintiff shall prepare the judgment file, including a change of name order if the plaintiff so elects.
HARRIGAN, J.